IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| WAYSON W.S. WONG,<br><br>                      Plaintiff,<br><br>        vs.<br><br>CYFRED, LTD., and LEONARD FRANCIS GILL,<br><br>                    Defendants. | Superior Court Case No. <u>CV0425-18</u><br><br>**DECISION AND ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S COUNTER-MOTION FOR PARTIAL SUMMARY JUDGMENT** |

The Court here considers Plaintiff Wayson W.S. Wong's Motion for Partial Summary Judgment and Defendant Cyfred, Ltd.'s Counter-Motion for Partial Summary Judgment. The Court decides that a genuine issue of material fact remains concerning whether Wong committed fraud in connection with the settlement between his clients and Cyfred. However, the Court determines that there is no genuine issue of material fact as to the proper calculation of sums due to Wong, assuming the settlement and the Promissory Note between the parties are valid. The Court further finds no dispute that Wong had a right to accelerate the Note and that Wong otherwise did not waive acceleration. The Court therefore DENIES Cyfred's Motion for Partial Summary Judgment, and GRANTS IN PART and DENIES IN PART Wong's Motion for Partial Summary Judgment.

## I. UNDISPUTED FACTS

On March 14, 2013, Cyfred executed a Promissory Note ("Note") in favor of Wong. First Am. V. Compl., Ex. 1 (Nov. 7, 2018) (Note); Decl. Francis Gill ¶ 3 (Jan. 18, 2019). The

ORIGINAL

Note was one of several documents executed in connection with a settlement between Cyfred,

Wong's clients, and other persons and entities.  Decl. Francis Gill, Exs. A, B, C.

In the Note, Cyfred agreed to pay Wong ten equal annual installments of $10,000.00,

beginning in March 2013, plus 6% annual interest.  Note at 1.  The Note also included a default

provision:

> In the event of the happening of any one or more of the following events, any
> one of which shall constitute an event of default to wit:
>
> a.      The non-payment of any sums payable hereunder within five (5) days of
> when due;
> b.      The breach by Maker of any agreement of Maker herein and/or in any
> mortgage given to secure payment of this note;
> c.      Any voluntary filing of a petition in bankruptcy under the Federal
> Bankruptcy laws by Maker or any endorser or guarantor of this Note, or an entry
> of an order for relief in the case of an involuntary petition filed under the
> Federal Bankruptcy laws against Maker or any endorser or guarantor of this
> Note, or the commencement of any proceeding under any other Acts of
> Congress or laws of the Territory of Guam in relation to the relief of debtors
> being commenced for the relief or readjustment of any indebtedness of Maker or
> any endorser or guarantor of this Note, either through reorganization,
> composition, extension or otherwise; then this Note and all sums due hereunder
> shall immediately become due and payable in full, without further demand or
> notice to Maker and Holder may commence action to foreclose any mortgage or
> security which secures this Note. . . .

Note at 1-2.

The Note further required that Cyfred "pay all costs of collection and reasonable

attorney's fees incurred by the Holder in enforcing this Note . . . whether or not suit is brought

and whether or not a final judgment is obtained."  Note at 2.  In the event of non-payment, a $25

late payment and additional 9% annual interest could be assessed.  Note at 2.

For several years, the parties handled the $10,000 annual payment in a roundabout way.

Wong's clients owed Cyfred an annual $450 payment to Cyfred for their "second lots."[1]  Errata;

---

[1] As part of the settlement at issue, Cyfred sold "second lots" in the Gill-Baza Subdivision to the plaintiffs in
CV0735-18 that did not have sewer lines.



Rev. Decl. Wayson Wong ¶ 17 (Feb. 28, 2019). "Wong had collected these yearly payments and paid himself the $10,000 payment due under the terms of the Note and remitted the balance of about $2,000 to Cyfred." Decl. Francis Gill ¶ 27.

In February 2016, Wong notified Gill that his clients would withhold their annual payment and proposed postponing Cyfred's annual $10,000 payment to Wong. Decl. Francis Gill, Ex. D at 2-3. However, Wong later notified Gill that the payments would be handled as in prior years. Decl. Francis Gill, Ex. D at 1-2.

However, in the next year, Wong's clients decided to withhold their annual payment to Cyfred. In March 2017, Cyfred notified Wong that it initiated foreclosure proceedings due to Wong's clients' failure to pay their 2017 annual payment. Decl. Francis Gill, Ex. E at 2. Because Wong's clients failed to pay Cyfred, Wong previously collected his $10,000 annual payment straight from what his clients owed Cyfred, and Cyfred failed to directly pay Wong his 2017 payment, Wong received no payment in March 2017 under his Note.

Months later, in September 2017, Wong notified Gill that Cyfred defaulted in paying him under the Note. Wong demanded that all sums due under the Note were immediately due and payable. Decl. Francis Gill, Ex. F. One month later, Cyfred tendered payment of the missed installment, plus late fees, interest and reasonable attorney's fees. Decl. Francis Gill, Ex. H at 3. Wong insisted that Cyfred owed the accelerated amount; Cyfred continued to disagree. Decl. Francis Gill, Ex. H at 1-2.

The parties also disagreed on whether the Note permitted acceleration. Cyfred convinced Wong to concede that the Note lacked an acceleration clause. Decl. Francis Gill, Ex. G at 4. Wong conceded to Cyfred's interpretation because Cyfred drafted the Note. Decl. Francis Gill,

ORIGINAL

Ex. G at 4.  Within a few weeks, Wong reconsidered his position and asserted that the Note permitted acceleration.  Errata; Rev. Decl. Wayson Wong, Ex. IV.

In mid-April 2018, Wong tendered payment of over $16,000 for the second lots for two of his clients, the Sananaps and the Fines, and offered to apply it to the amounts Cyfred owed Wong.  Decl. Francis Gill, Ex. I at 1.  Gill responded that the "offer below is accepted provided you send Cyfred the promised accounting" concerning what Cyfred owes Wong.  Decl. Francis Gill, Ex I at 1.  Wong's accounting reflected Wong's position that Cyfred continued to owe the full accelerated amount.  Errata; Rev. Decl. Wayson Wong, Ex. V at 2.  Cyfred, however, disputed Wong's accounting.  Errata; Rev. Decl. Wayson Wong, Ex. V at 2.

Wong claims that Cyfred owes him $81,661.91 as of September 18, 2018.  First Am. V. Compl., Ex. 4.  This amount includes 6% annual interest from 2013 to 2017 (Note, p. 1, ¶ 2); 9% interest for late payments and late payment fees (Note, p. 2, ¶ 1); and the offset from the Sananap/Fine compromise.  First Am. V. Compl., Ex. 4.  Cyfred points out that the calculation does not include an agreed-upon credit of $450.17, which represents Cyfred's cost award from CV0934-15.  Def.'s Opp'n to Pl.'s Mot. Partial Summ. J. at 15 (Jan. 18, 2019); Decl. Francis Gill ¶ 39.  Wong agrees that Cyfred should receive this credit.  Mem. Opp'n to Countermot. Partial Summ. J. at 12 (Feb. 27, 2019).

## II.    LAW AND DISCUSSION

### A. Summary Judgment Standard

Guam Rule of Civil Procedure 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A genuine issue of fact exists when



"there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7.

## B. Cyfred's Motion for Partial Summary Judgment

### 1. Fraud

In seeking partial summary judgment, Cyfred asks the Court to invalidate the Note on the basis of fraud. Wong allegedly perpetrated "a fraudulent deceit, an actual fraud, and a constructive fraud against Cyfred in order to induce Cyfred to provide him the Note that he now seeks to collect" by concealing his lack of authority to sign an October 29, 2012 Settlement Agreement ("October Settlement Agreement") on behalf of his clients. Def.'s Opp'n to Pl.'s Mot. Partial Summ. J. at 9. Wong, on the other hand, maintains that Cyfred knew he did not have signed authority to sign the October Settlement Agreement for all his clients but did not care because the October Settlement Agreement contains indemnity clauses. Pl.'s Further Reply at 2-5 (Feb. 27, 2019). He also contends that Cyfred knew at the time of signing the October Settlement Agreement that Wong had not begun probate proceedings on behalf of any of his deceased clients. Pl.'s Further Reply, Ex. III.

In its November 21, 2018 Decision and Order Re Motion to Dismiss, the Court found that the Note is a separate agreement and document from the October Settlement Agreement involving Cyfred and Wong's clients. The Court then declined to find that the validity of the Note is contingent on the validity of the October Settlement Agreement, and vice versa. This

ORIGINAL

remains true. However, the Court can still pierce whether, in executing the Note and the October Settlement Agreement, "one party was tricked into contracting." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 60. The Court may examine "pre-contractual conduct which is, under the law, a recognized tort." *Id.* In that light, Cyfred can allege Wong committed a tort by misrepresenting his role in the October Settlement Agreement and therefore convincing Cyfred to sign the Note.

Next, the Court assesses the standard for fraud. A contract induced by fraud is voidable, and the fraud can be either actual or constructive. 18 GCA §§ 85302, 85303, 85307. Actual fraud is always a question of fact that consists of the following acts committed with the intent to deceive another party or to induce him into a contract:

(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

(2) A positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

(3) The suppression of that which is true, by one having knowledge or belief of the fact;

(4) A promise made without any intention of performing it; or,

(5) Any other act fitted to deceive.

18 GCA §§ 85308, 85310. Fraudulent deceit is similarly defined under 18 GCA § 90102. Lastly, constructive fraud consists of "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him." 18 GCA § 85309.

The Court finds summary judgment improper on Cyfred's fraud defenses because a factual dispute exists over each party's knowledge about the circumstances surrounding the signing of the October Settlement Agreement. First, both parties dispute when Cyfred became aware that Wong did not have probate court approval to enter into the October Settlement

ORIGINAL

Agreement on behalf of his deceased clients. Def.'s Opp'n to Pl.'s Mot. Partial Summ. J. at 5; Decl. Francis Gill at 24; Pl.'s Further Reply, Ex. III. Knowledge concerning this lack of authority is central to determine whether Wong intentionally deceived Cyfred or if both parties genuinely believed he had authority to sign the October Settlement Agreement without opening probate proceedings.

Second, it is unclear whether Wong acted with the intent to deceive when he signed the October Settlement Agreement on behalf of his clients. The title of paragraph 17 of the first Settlement Agreement for the Gill-Baza Cases states "The Parties' Attorneys May Sign Certain Other Documents for Them." Decl. Francis Gill, Ex. A. The subsequent October Settlement Agreement signed by Wong and not his clients does not contain similar language, but it purports to reconfirm the first settlement agreement. Without passing judgment on the legality of such a practice, the Court finds that Wong could have believed he had authority to sign the October Settlement Agreement as "another document" under paragraph 17 of the original settlement.

In a summary judgment proceeding, "the Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7. Because Cyfred asks the Court to find that Wong obtained the Note by fraud, the Court looks at the evidence in the light most favorable to Wong. Accordingly, the Court finds that Wong has presented sufficient evidence to establish a factual dispute exists concerning his knowledge and intent in signing the October Settlement Agreement.

## 2. Acceleration

Assuming the Note is valid, Cyfred asks for summary judgment on Wong's claim for the accelerated amount of the Note, the balance of which he has pled to be $81,661.91. First Am. V.


ORIGINAL

Compl. Cyfred claims that the acceleration clause in the Promissory Note does not apply to non-payment.

In a contract analysis, the Court first examines the plain language if the language is clear and explicit and does not involve an absurdity. 18 GCA §§ 87104, 87105. If "the language within the four corners of the contract is unambiguous, then a court does not resort to extrinsic evidence of the contract's meaning, and a court determines the parties' intentions from the plain meaning of the contractual language as a matter of law." *Wasson v. Berg*, 2007 Guam 16 ¶ 16 (quoting *Guam United Warehouse Corp. v. DeWitt Transp. Servs.*, 2003 Guam 20 ¶ 24). The Court also looks to the entirety of the contract, as opposed to clauses in isolation. *Torres v. Torres*, 2005 Guam 22 ¶ 17. Finally, because the law disfavors acceleration clauses, such clauses receive close scrutiny. 10 C.J.S. Bill and Notes § 126 (Mar. 2019); *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991).

The plain language of the Note defines three events as causing default: (a) non-payment within five days; (b) a breach by the Maker of any agreement within the Note; and (c) bankruptcy. Cyfred's interpretation takes advantage of the physical placement of the acceleration clause: Cyfred points to the language in section "c" of the Note which defines one type of default as a voluntary bankruptcy petition then proceeds to state in the same paragraph that "then this Note and all sums due hereunder shall immediately become due and payable in full." Note at 2. Cyfred claims that because this acceleration language immediately follows the bankruptcy default language, it does not apply to section "a" concerning failure to pay. Under Cyfred's interpretation, only in the event of a bankruptcy would Wong be entitled to accelerate the Note. But in the event of Cyfred's bankruptcy, the collection of sums would be stayed and Wong would be unable to enforce the accelerated sum. Even under close scrutiny, a construction of the



acceleration clause that limits its application to bankruptcy and not to non-payment results in an absurdity.

Cyfred's interpretation also disregards the preceding language that "In the event of the happening of one *or more* of the following events, any one of which shall constitute an event of default." (Emphasis added.) This provision signals that the consequence of such events will follow--and the consequence that succeeds all events is the acceleration clause. Finally, Cyfred ignores how the parties utilized a semi-colon to separate the three events. A semi-colon separates items in a list and makes it easier for the reader to distinguish among groupings. *See* Legal Writing Exercises, 90-JAN N.Y. St. B.J. 64. In this case, the list of three types of default deserved separate groupings. But the punctuation did not restrict Wong's right to accelerate, particularly when read with the incipient language foretelling what will ensue after "one or more of the following events."

As a matter of law, the acceleration language offers Wong the ability to collect on the full amount of the Note in the event of default. Because Cyfred failed to pay Wong the annual payment of $10,000 in 2017, Wong had the right to accelerate the sums due under the Note.

### 3. Payment and Waiver

#### a) Wong had right to accelerate so Cyfred's tender was insufficient

Cyfred contends that it tendered payment in October 2017, and such payment cured its default. However, Cyfred offered the annual installment payment--not the accelerated amount. Because Wong had the right to accelerate the Note, the tender was insufficient and Wong had the right to reject it.

#### b) Wong's April setoff did not abandon acceleration

ORIGI...

Cyfred next claims that Wong abandoned his acceleration by negotiating to pay off what his clients, the Sananaps and the Fines, owed for their second lots, from the amounts owed to Wong. Cyfred cites *Rivera v. Bank of Am., N.A.*, 607 Fed. Appx. 358 (5th Cir. 2015), which held that creditor abandoned its acceleration of a note when it accepted the debtor's multiple payments. Unlike in *Rivera*, however, the acceptance of an isolated payment does not in itself suffice to constitute waiver of acceleration. *Paul Londe & Assocs., Inc. v. Rathert*, 522 S.W.2d 609, 611 (Mo. App. 1975) (mere acceptance of a payment on a delinquent note does not waive an acceleration of payments which has already been invoked). This is especially true when the creditor continues to insist that the acceleration has not been waived. *See UMLIC VP, LLC v. Mellace*, 19 A.D.3d 684 (N.Y. 2d Dep't 2005); *Meehan v. Cable*, 523 S.E.2d 419, 422-23 (N.C. App. 1999).

The parties' correspondence establishes that Wong continued to assert that even if the parties accepted the Sananap/Fine compromise, the payment would be reduced from the full amount of fees owed to Wong. As reflected in the April 19, 2018 email, Wong represented that the amount owed exceeded $91,000 after taking into account the Sananap/Fine payments. Wong's insistence that the Sananap/Fine amounts apply to the accelerated sum signified that he did not waive the acceleration. The Court does not find any genuine disputed issues of fact to demonstrate that acceleration was waived.

c) <u>Wong is not estopped from accelerating due to his earlier acquiescence regarding the lack of an acceleration clause</u>

Finally, Cyfred maintains that Wong's earlier concession that the Note failed to contain an acceleration clause estops him from later claiming that he had the right to accelerate the Note. Even though Wong may have initially misread the acceleration provision, he cannot be estopped from now contending that such an acceleration exists.

ORIGINAL

Guam law has four elements for proving equitable estoppel:

(1) The party to be estopped must be apprised of the facts.

(2) He must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon.

(3) The party asserting the estoppel must be ignorant of the true state of the facts.

(4) And he must rely upon the conduct to his injury.

*Mobil v. Lee*, 2004 Guam 9 ¶ 24. Cyfred fails in setting forth a genuine issue of material fact on the fourth element--that it relied upon Wong's concession to its injury. While in September 2017 Wong initially agreed that the Note did not contain an acceleration clause, on October 2, 2017, he made clear that he reconsidered his position. Decl. Francis Gill ¶ 33; Decl. Wayson Wong, Ex. IV. When Cyfred offered to tender an installment payment on October 16, 2017, it already knew that Wong had changed his mind as to the right to accelerate. Cyfred suffered no injury by Wong changing his position--it had not yet tendered the installment payment. Cyfred points to no other evidence about how Wong's legal position as to whether or not he could accelerate the debt caused it injury.

Moreover, on the third prong, because the Court has determined as a matter of law that under the plain language of the Note, the acceleration clause applies to a late payment, Cyfred cannot claim to be ignorant of the true state of the facts. Cyfred knew how the Note was phrased because it drafted the Note, and a plain reading of the entire Note belied the only reasonable conclusion that Wong had the right to accelerate the Note five days after Cyfred's non-payment.

### 4. Fair Debt Collection Practices Act

Cyfred alleges that Wong violated the federal Fair Debt Collection Practices Act in making a material false statement when he attempted to collect on the Note. The FDCPA applies to consumers, defined as "natural persons." 15 USC § 1692a(3). There is no genuine issue of

ORIGINAL

material fact about Cyfred's legal status for the purposes of the FDCPA; it is not a natural person, and therefore, not a consumer as statutorily defined.

### C. Wong's Motion for Partial Summary Judgment

Wong seeks summary judgment on the calculation of the amounts owed to him under the Note. Wong's calculation of $81,661.91 is undisputed with the exception of $450.17 in costs which Wong now agrees should be credited to Cyfred. The Court therefore concludes that there is no genuine issue of material fact that if the Note is valid, Wong is owed $81,661.91 less $450.17, which should be credited as of the time of the parties' agreement for such credit, with interest to be recalculated following the $450.17 credit, plus further penalties and interest as allowed under the Note.

## III. CONCLUSION

The Court GRANTS IN PART Wong's Motion for Partial Summary Judgment in that there is no genuine issue of material fact that his calculations accurately reflect amounts owed under the Note with the exception of the $450.17 credit, assuming the Note is valid. The Court DENIES Cyfred's Motion for Partial Summary Judgment, as an issue of fact remains as to its defense of fraud. For this same reason, the Court DENIES IN PART Wong's Motion for Partial Summary Judgment. To be determined at trial is whether the Note is invalid due to fraud. If the Note is adjudicated as valid, the Court will adopt Wong's formula with the agreed-upon credit.

On Cyfred's remaining arguments, the Court determines as a matter of law that: (1) the Note permitted Wong to accelerate the Note due to non-payment of sums within five days of the payment due date; (2) Wong did not waive acceleration; and (3) the FDPCA does not apply to Cyfred.

SO ORDERED this 16th day of May 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Wong

Date: 5/16/19   Time: 1130am

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Wayson W.S. Wong
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill

ORIGINAL